UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN BALLENTINE,

              Plaintiff,

-against-

GOOGLE LLC,

              Defendant.

24-CV-4699 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff asserts claims under the Privacy Act of 1974, 5 U.S.C. § 552a, and the Federal Trade Commission (FTC) Act, 15 U.S.C. § 45.

    By order dated August 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are from Plaintiff's complaint. Plaintiff was a customer of Defendant Google LLC and his claims arose in New York, during the period January 1, 2023, to June 18, 2024. (ECF 1 at 5.) Plaintiff's accounts with Google "were compromised and [his] personal information was put online." (*Id.*) As a result, Plaintiff "became a target of mentally unstable people who were able to breach [his] Google account" and "harass [him] through phone and online." (*Id.*)[1] Plaintiff "fear[s] for [his] safety daily and rarely can enjoy the freedom of

---

[1] Plaintiff made substantially similar allegations – that he had been subjected "to harassment by mentally unstable people" who visited his private address several times and

movement [he] deserves because Google allowed someone to get into [his] account and . . . find information about [him]." (*Id.*) Plaintiff was locked out of his Google account, without the ability to recover certain information. (*Id.*)

Plaintiff contends that Google LLC was negligent and failed to safeguard Plaintiff's personal information "such as passwords and contents of email containing sensitive information." (*Id.*)

Plaintiff sues Google, LLC, invoking the Court's federal question jurisdiction and asserting violations of the Privacy Act of 1974, 5 U.S.C. § 552a, and the FTC Act, 15 U.S.C. § 45. He also asserts claims for defamation of character and slander. Plaintiff contends that he has suffered "emotional distress" and has medical bills. (ECF 1 at 6.) He seeks damages of $133,000.33. (*Id.*)

## DISCUSSION

**A.    Federal law claims**

Plaintiff pleads two claims arising under federal law. First, he sues under the Privacy Act, which authorizes suit only against federal agencies. 5 U.S.C. § 552a(g)(1) (providing that a private individual "may bring a civil action against the agency"). The sole defendant in this action, Google LLC, is a private company. Plaintiff has not sued any federal agency or alleged any facts about the involvement of any federal agency in the events giving rise to his claims. Plaintiff's claims against Google LLC under Section 552a must therefore be dismissed for failure to state a claim on which relief can be granted.

---

followed him, causing him to "fear for [his] life" – in an earlier suit against a different defendant. *See Ballentine v. Verizon Comm., Inc.*, No. 24-CV-4903 (S.D.N.Y.) (ECF 1 at 5.)

Second, Plaintiff invokes Section 5 of the FTC Act, 15 U.S.C. § 45, as the basis for this action. The FTC Act, however, does not provide a private right of action for an individual to sue for violations of the statute. *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 598 (S.D.N.Y. 2022); *see also Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."). Plaintiff's claims under the FTC Act must therefore be dismissed.

**B.    State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); 28 U.S.C. § 1367(c)(3) (A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction."). Plaintiff's federal law claims have been dismissed, but the Court appears to have original jurisdiction of this matter under the diversity jurisdiction statute, 28 U.S.C. § 1332.

Plaintiff does not specifically invoke the Court's diversity jurisdiction, but he pleads facts about the diverse citizenship of the parties. To establish diversity jurisdiction, a plaintiff must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000), and a corporation is a citizen "of every State and foreign state by which it has been

4

incorporated and of the State or foreign state where it has its principal place of business," § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state of which its members are citizens. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Plaintiff alleges that he is a citizen of the State of New York, and he asserts that Defendant Google LLC is incorporated in Delaware and has its headquarters in Delaware. (ECF 1 at 3.) These allegations are insufficient because a limited liability company's citizenship depends on its members and the states of which the members are citizens. It appears from publicly available documents of which the Court can take judicial notice, however, that based on the citizenship of its members, Google LLC is not a citizen of New York; the parties thus have diverse citizenship.[2] Plaintiff also seeks in excess of $75,000 in damages. It therefore appears at this stage that the Court has diversity jurisdiction of this matter. Plaintiff asserts state law causes of action for defamation, slander, and negligence, and the Court considers whether the allegations of the complaint suffice to state such claims.

1. **Defamation**

"Defamation, consisting of the twin torts of libel and slander, is the invasion of the interest in a reputation and good name." *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001) (quoting *Hogan v. Herald Co.*, 84 A.D.2d 470, 474 (4th Dep't), *aff'd*, 58 N.Y.2d 630 (1982)).

---

[2] *See*, *e.g.*, *Phillips v. Google LLC*, No. 24-CV-5742, 3 (S.D.N.Y.) (Statement Pursuant to Federal Rule of Civil Procedure 7.1 ("The sole member of Defendant Google LLC is XXVI Holdings Inc., which is a company incorporated in Delaware with its principal place of business in Mountain View, California. Accordingly, Google LLC is a citizen of Delaware and California.").

Generally, spoken defamatory words are slander; written defamatory words are libel. *Id.* at 256 (citing *Matherson v. Marchello*, 100 A.D.2d 233, 239 (2d Dep't 1984).

New York law defines defamation as "the making of a false statement of fact which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace." *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196, 199 (1975). The elements of a defamation claim are "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se." *Nunes v. NBCUniversal Media, LLC*, 643 F. Supp. 3d 403, 412 (S.D.N.Y. 2022) (quoting *Dillon v. City of New York*, 261 A.D.2d 34, 39, 704 N.Y.S.2d 1 (1st Dep't 1999)).

Plaintiff's complaint seeks damages for "slander" (ECF 1 at 6), but he does not identify any false spoken words about him. Google LLC is the sole defendant and there are no allegations that Defendant published any false oral or written statement about Plaintiff to a third party. Because Plaintiff does not include any facts about any false statement made about him by Defendant, orally or in writing, he fails to state a claim on which relief can be granted for defamation or slander.

### 2.    Negligence

Under New York law, a negligence claim has three elements: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000) (citing *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)).

A duty, for purposes of a negligence claim, can arise from a state or federal statute. *Elliott v. City of New York*, 95 N.Y.2d 730, 734 (N.Y. 2001) ("As a rule, violation of a State statute that imposes a specific duty constitutes negligence per se . . . ."); *Wedlock v. Troncoso*,

185 Misc. 2d 432, 436 (Cty. Sup. Ct. 2000) ("[A] violation of a State or Federal statute constitutes negligence per se."). New York law imposes obligations on companies doing business in New York to notify consumers of data breaches. *See, e.g.*, N.Y. Gen. Bus. Law § 899-bb (Stop Hacks and Improve Electronic Data Security Act (SHIELD Act). In addition, some district courts have concluded that "Section 5 of the FTC Act is a statute that creates enforceable duties, and this duty is ascertainable as it relates to data breach cases." *In re Cap. One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 406–07 (E.D. Va. 2020). Specifically, the FTC Act "prohibits 'unfair or deceptive acts or practices in or affecting commerce.'" *Id.* (citing 15 U.S.C. § 45(a)). Plaintiff cannot sue directly for a violation of either statute. *See* N.Y. Gen. Bus. Law § 899-bb ("Nothing in this section shall create a private right of action."); *Alfred Dunhill Ltd.*, 499 F.2d at 237 ("Nowhere does the [FTC] Act bestow upon either competitors or consumers standing to enforce its provisions."). These statutes might, however, be the basis for imposing a duty for purposes of a negligence claim.

      Here, Plaintiff alleges that as a result of Google LLC's actions, he has "became a target of mentally unstable people who were able to breach [his] Google account" and "harass [him] through phone and online." (ECF 1 at 5.) Unspecified individuals have been able to read Plaintiff's sensitive emails, "get into [his] account and . . . find information about [him]." (*Id.*) It is unclear from these allegations what duty Defendant is alleged to have breached that caused Plaintiff's injuries. Plaintiff does not allege that Defendant violated any duty that might arise from New York's General Business Law to notify him of a data breach. He also has not identified any unfair or deceptive acts or practices on Defendant's part, as defined in the FTC Act, that caused his injuries. Plaintiff thus fails to allege that Defendant injured him by breaching

a duty owed him, and his negligence allegations do not state a claim on which relief can be granted.

**C.      Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It would be futile for Plaintiff to replead his Privacy Act and FTC Act claims. The Court grants Plaintiff leave, however, to file an amended complaint within 30 days to replead his allegations regarding diversity jurisdiction and his state law claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing Plaintiff's complaint for failure to state a claim on which relief can be granted.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  November 21, 2024
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge